**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

TOMAS COLOP
646 Newton Place NW, Unit 11
Washington, DC 20010

JOSUE ROMERO
4005 35th Street
Mount Rainier, MD 20712

JOSE F. RUIZ
646 Newton Place NW, Unit 11
Washington, DC 20010

SELVIN GARCIA
5024 9th Street NW
Washington, DC 20011

ADAN RAMIREZ
445 Otis Place NW, Unit 416
Washington, DC 20010

Plaintiffs,

v.

Civil Action No. _______________

ANEAKA ENGLISH
10200 Chase Commons Drive, Apt. 203
Burke, VA 22015

JOHN E. PORCHER
1214 Chase Heritage Circle, Apt. 302
Sterling, VA 20164

E. S. DESIGN AND CONSTRUCTION, LLC
210 N. Lee Street, Suite 103
Alexandria, VA 22314

E. S. INVESTMENT, INC.
210 N. Lee Street, Suite 103
Alexandria, VA 22314

Defendants.

## COMPLAINT

### Introduction

1. Defendants employed Plaintiffs as construction workers for the renovation of a house. Defendants knowingly: a) failed to pay Plaintiffs overtime; b) misclassified Plaintiffs as independent contractors; and c) did not pay Plaintiffs for work performed during their last two workweeks.

2. Plaintiffs bring this action for damages under: a) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.; b) the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code §§ 32-1001 *et seq*.; c) the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code §§ 32-1301 *et seq*.; and the District of Columbia Workplace Fraud Act ("DCWFA"), D.C. Code §§ 32-1331.01–.15.

### Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (FLSA jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this district.

### Parties

5. Plaintiffs are adult residents of the District of Columbia or Maryland, residing at the addresses in the caption above.

6. Defendant Aneaka English is an adult resident of Fairfax County, Virginia.

7. Defendant English is an owner, officer, and/or director of Defendants E.S. Design and Contsruction, LLC and E.S. Investment, Inc.

8. Defendant English controls the operations of Defendants E.S. Design and Contsruction, LLC, and E.S. Investment, Inc., including each corporation's pay practices.

9. Defendant John E. Porcher is an adult resident of Loudon County, Virginia.

10. Defendant Porcher is an owner, officer, and/or director of Defendants E.S. Design and Contsruction, LLC, and E.S. Investment, Inc.

11. Defendant Porcher also controls the operations of Defendants E.S. Design and Contsruction, LLC and E.S. Investment, Inc., including each corporation's pay practices.

12. Defendant E.S. Design and Construction, LLC is a Virginia corporation that is registered in the District of Columbia. E.S. Design and Construction, LLC's principal place of business is: 210 N. Lee Street, Suite 103; Alexandria, VA 22314. E.S. Design and Construction, LLC's resident agent for service of process is: D.C. Registered Agent Inc.; 1120 20th Street NW, S-300-RLK; Washington, DC 20036.

13. Defendant E.S. Investment, Inc. is a Virginia corporation that is not registered in the District of Columbia. E.S. Investment, Inc.'s principal place of business is: 210 N. Lee Street, Suite 103; Alexandria, VA 22314. E.S. Investment, Inc.'s Virginia resident agent for service of process is: Audrey H. Brown III; Parker, Pollard, Wilton & Peaden PC; 6802 Paragon Place, Suite 300; Richmond, VA 23230.

14. At all relevant times, Defendants acted through unified operation and common control.

15. At all relevant times, Defendants controlled the hours that Plaintiffs worked, the manner in which they were paid, and the conditions of their employment.

16. At all relevant times, Defendants had the power to hire and fire the Plaintiffs.

17. At all relevant times, Defendants were employers of Plaintiffs within the meaning of 29 U.S.C. § 203(d) (FLSA), D.C. Code § 32-1002(3) (DCMWA), D.C. Code § 32-1301(1) (DCWPCL), and D.C. Code §§ 32-1331.01(3), 32-1331.03, and 32-1331.04(c) (WFA).

18. At all relevant times, Plaintiffs were employees of Defendant within the meaning of 29 U.S.C. § 203(g) (FLSA), D.C. Code § 32-1002(1)–(2) (DCMWA), D.C. Code § 32-1301(2) (DCWPCL), and D.C. Code § 32-1331.01(2).

19. At all relevant times, Defendants were joint employers of Plaintiffs within the meaning of 29 C.F.R. § 791.2 and corresponding regulations and case law under the DCMWA, DCWPCL, and DCWFA.

20. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the applicable minimum wage.

21. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular hourly wage for all hours worked in excess of 40 hours in any one workweek.

22. At all relevant times, Defendants were aware that they were legally required to treat and compensate Plaintiffs as employees — and not independent contractors.

23. At all relevant times, the federal minimum wage was $7.25 — and the federal minimum wage for overtime hours was $10.38.

24. At all relevant times, the District of Columbia minimum wage was $8.25 — and the District of Columbia minimum wage for overtime hours was $12.38.

**Factual Allegations**

25. Defendants hired Plaintiffs to perform construction work as part of the renovation of a single family home at 1616 G Street SE, Washington, DC 20003.

26. Defendants agreed to pay Plaintiffs the following hourly rates:

| | |
|---|---|
| Tomas Colop | $22.00 per hour |
| Josue Romero | $17.00 per hour |
| Jose F.Ruiz | $16.00 per hour |
| Selvin Garcia | $15.00 per hour |
| Adan Ramirez | $15.00 per hour |

27. Plaintiffs worked for Defendants for varying lengths between March 4, 2014 and March 28, 2014.

28. Plaintiffs were given orders on what work to perform and how to perform it by Defendant English, Defendant Porcher, and "Steve" — a "project manager" employed by Defendants.

29. Defendants provided Plaintiffs with most of the tools and all of the materials used in the work performed by Plaintiffs.

30. Defendants instructed Plaintiffs to complete and submit "Weekly Crew Time Sheets" on Defendant E.S. Design and Construction, LLC's letterhead.

31. Plaintiffs worked the following number of hours during each workweek, as evidenced by their timesheets:

| | Colop | Romero | Ruiz | Garcia | Ramirez |
|---|---|---|---|---|---|
| March 3, 2014 – March 9, 2014 | 24 | | 24 | | |
| March 10, 2014 – March 16, 2014 | 53.5 | | 53 | 18 | |
| March 17, 2014 – March 23, 2014 | 45 | | 45 | 34 | 42 |
| March 24, 2014 – March 29, 2014 | 45 | 45 | 27 | 45 | 45 |

32. These timesheets were promptly submitted to Defendants English and/or Porcher — and/or their agents — at the end of each workweek.

33. For the first two workweeks, Defendants paid Plaintiffs an amount equal to their hours worked multiplied by their promised hourly wage. They were paid the following amounts:

| | Colop | Romero | Ruiz | Garcia | Ramirez |
|---|---|---|---|---|---|
| March 3, 2014 – March 9, 2014 | $528.00 | | $384.00 | | |
| March 10, 2014 – March 16, 2014 | $1,177.00 | | $848.00 | $270.00 | |

34. Defendants paid the amounts indicated in Paragraph 31 by a check with no accompanying paystub.

35. Some of these checks bore the name of Defendant E.S. Design and Construction, LLC, and some of these checks bore the name of Defendant E.S. Investment, Inc.

36. Some of these checks were signed by Defendant English, and some of these checks were signed by Defendant Porcher.

37. None of these checks reflected appropriate payroll tax withholdings or accounted for Plaintiffs' hours of work.

38. Moreover, on information and belief, Defendants did not pay their share of payroll taxes on the wages embodied in these checks.

39. For the first two workweeks, pursuant to the FLSA, DCMWA, and/or DCWPCL, Plaintiffs are owed the "overtime premium" for each of their overtime hours worked. In other words, they are owed one half their regular rate times the number hours worked over 40 in each workweek. They are owed the following amount in overtime wages:

| | Colop | Romero | Ruiz | Garcia | Ramirez |
|---|---|---|---|---|---|
| March 3, 2014 – March 9, 2014 | $0.00 | | $0.00 | | |
| March 10, 2014 – March 16, 2014 | $148.50 | | $104.00 | $0.00 | |

40. For the first two workweeks, pursuant to the DCWFA, § 32-1331.09(a)(1), Plaintiffs are further owed an amount equal to the minimum of 11.15% in taxes Defendants should have paid on these amounts for Plaintiffs' benefit — instead of unlawfully paying Plaintiffs as independent contractors. (11.15% equals the sum of a) employers' share of social security taxes (6.2%), b) employers' share of Medicare taxes (1.45%), c) minimum D.C. unemployment insurance taxes (2.9%), and d) minimum federal unemployment insurance taxes (0.6%)). Plaintiffs are therefore owed the following additional amounts for Defendants' unlawful treatment of Plaintiffs as independent contractors:

| | Colop | Romero | Ruiz | Garcia | Ramirez |
|---|---|---|---|---|---|
| March 3, 2014 – March 9, 2014 | $60.72 | | $42.82 | | |

| March 10, 2014 – March 16, 2014 | $131.23 | | $94.55 | $30.11 | |
|---|---|---|---|---|---|

41. Defendants never paid Plaintiffs for their second two workweeks, despite repeated requests from Plaintiffs.

42. Because of Defendants' failure to pay Plaintiffs' wages, the Plaintiffs all quit on or about March 28, 2014.

43. For the second two workweeks, Plaintiffs should have been paid the following amounts pursuant to the FLSA, DCMWA, and/or DCWPCL. The following amounts were calculated by adding: a) Plaintiffs' regular rate times Plaintiffs' non-overtime hours worked, and b) 1.5 times Plaintiffs regular rate times Plaintiffs' overtime hours worked:

| | Colop | Romero | Ruiz | Garcia | Ramirez |
|---|---|---|---|---|---|
| March 17, 2014 – March 23, 2014 | $1,045.00 | | $760.00 | $510.00 | $645.00 |
| March 24, 2014 – March 29, 2014 | $1,045.00 | $807.50 | $432.00 | $712.50 | $712.50 |

44. Moreover, Plaintiffs are each owed $500.00 in statutory damages pursuant to the DCWFA, § 32-1331.09(a)(2) for Defendants' misclassification of Plaintiffs as independent contractors.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

45. Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

46. The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

47. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

48. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week. 29 U.S.C. § 207(a)(1).

49. Defendants violated the FLSA by knowingly failing to pay the required minimum wage to Plaintiffs during their last two weeks of work.

50. Defendants violated the FLSA by knowingly failing to pay Plaintiffs one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

51. Defendants' violations of the FLSA were willful.

52. For their violations of the FLSA, Defendants are liable to Plaintiffs for unpaid minimum wage and overtime compensation, and an equal amount as liquidated damages, as summarized by the following chart:

| | Colop | Romero | Ruiz | Garcia | Ramirez |
|---|---|---|---|---|---|
| Federal Minimum Wage and Overtime | $837.25 | $344.38 | $644.13 | $590.88 | $656.13 |
| Liquidated Damages | $837.25 | $344.38 | $644.13 | $590.88 | $656.13 |
| Total | $1,674.50 | $688.76 | $1,288.26 | $1,181.76 | $1,312.26 |
| | | | | **Grand Total** | **$6,145.54** |

53. For their violations of the FLSA, Defendants are also liable to Plaintiffs for court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

54. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

55. The DCMWA requires that employers pay non-exempt employees the federal minimum wage pursuant to the FLSA, plus $1.00. D.C. Code § 32-1003(a).

56. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week. D.C. Code § 32-1003(c).

57. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiffs.

58. Defendants violated the DCMWA by knowingly failing to pay Plaintiffs one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

59. Defendants' violations of the DCMWA were willful.

60. For their violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid minimum wage and overtime compensation, and an equal amount as liquidated damages, as summarized by the following chart:

| | Colop | Romero | Ruiz | Garcia | Ramirez |
|---|---|---|---|---|---|
| D.C. Minimum Wage and Overtime | $932.26 | $391.88 | $718.63 | $672.38 | $746.63 |
| Liquidated Damages | $932.26 | $391.88 | $718.63 | $672.38 | $746.63 |
| Total | $1,864.52 | $783.76 | $1,437.26 | $1,344.76 | $1,493.26 |
| | | | | **Grand Total** | **$6,923.56** |

61. For their violations of the DCMWA, Defendants are also liable to Plaintiffs for court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

62. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

63. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

64. For purposes of the DCWPCL, "wages" include, among other things,both promised wages and the "overtime premium." D.C Code § 32-1301(3).

65. Defendants violated the DCWPCL by knowingly failing to pay Plaintiffs all wages earned, including promised wages and the overtime premium.

66. As of the date of this filing, it has been 44 days since the last Plaintiff quit Defendants' employ. Despite repeated requests, Defendants have not paid Plaintiffs anything for their last two weeks of work. This has caused the Plaintiffs a great deal of hardship.

67. Defendants' violations of the DCWPCL were willful.

68. For their violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, and an amount equal to three times the amount of unpaid wages as liquidated damages, as summarized by the following chart:

| | Colop | Romero | Ruiz | Garcia | Ramirez |
|---|---|---|---|---|---|
| Total Unpaid Wages | $2,238.50 | $807.50 | $1,296.00 | $1,222.50 | $1,357.50 |
| Liquidated Damages | $6,715.50 | $2,422.50 | $3,888.80 | $3,667.50 | $4,072.50 |
| Total | $8,954.00 | $3,230.00 | $5,184.00 | $4,890.00 | $5,430.00 |
| | | | | **Grand Total** | **$27,688.00** |

69. For their violations of the DCWPCL, Defendants are also liable to Plaintiffs for court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

**COUNT IV**

**MISCLASSIFICATION OF EMPLOYEES UNDER THE DCWFA**

70. Plaintiffs incorporate the foregoing paragraphs as if fully stated herein.

71. THE DCWFA forbids employers in the "construction services" industry from misclassifying their employees as independent contractors. D.C. Code §§ 32-1331.01 *et seq.*

72. THE DCWFA presumes an employer-employee relationship unless an employer can affirmatively meet rigorous tests. D.C. Code §§ 32-1331.04.

73. Defendants violated the DCWFA by knowingly misclassifying Plaintiffs as independent contractors.

74. Defendants' violations of the DCWFA were willful.

75. For their violations of the DCWFA, Defendants are liable to Plaintiffs for: a) the amount of any lost wages or benefits, b) an amount equal to three times the lost wages or benefits as liquidated damages, and c) statutory damages of $500.00 to each of the Plaintiffs, as summarized by the following chart:

| | Colop | Romero | Ruiz | Garcia | Ramirez |
|---|---|---|---|---|---|
| Lost Benefits (Employer Tax Contrib.) | $191.95 | $0.00 | $137.37 | $30.11 | $0.00 |
| Liquidated Damages | $575.85 | $0.00 | $412.11 | $90.33 | $0.00 |
| Statutory Damages | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 |
| Total | $1,267.80 | $500.00 | $1,049.48 | $620.44 | $500.00 |
| | | | | **Grand Total** | **$3,937.72** |

76. For their violations of the DCWFA, Defendants are also liable to Plaintiffs for court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that theCourt enter judgment against Defendants on all counts, and grant the following relief:

a. Award Plaintiffs **$31,625.72**, consisting of:

i. unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

ii. unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to DCMWA, D.C. Code § 32-1012;

iii. unpaid wages, plus an amount equal to three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

iv. lost benefits, plus an amount equal to three times the lost benefits, plus a statutory penalty of $500.00 for each Plaintiff, pursuant to the DCWFA, D.C. Code § 32-1331.09;

b. Award Plaintiffs reasonable attorneys' fees and expenses incurred in the prosecution of this action;

c. Award Plaintiffs court costs;

d. Award Plaintiffs prejudgment and postjudgment interest as permitted by law; and

e. Award any additional relief the Court deems just.

Date: 05/11/2014

Respectfully submitted,

/s/ Justin Zelikovitz
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street, NW; Second Floor
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com